The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
Deputy Commissioner Charles Markham filed an Opinion and Award in this case on September 14, 1989. Deputy Commissioner Markham's Opinion and Award was affirmed by the Full Commission on May 3, 1990. Thereafter, an Order of Chairman J. Howard Bunn, Jr. filed January 23, 1995 allowed the taking of additional evidence and this case was assigned to Deputy Commissioner Bost for hearing.
****************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the occasion of the alleged injury by accident the parties were subject to and bound by the provisions of the Workers' Compensation Act, the defendant employer regularly employing four or more employees.
2. The employer-employee relationship existed between plaintiff and the defendant-employer.
3. The compensation carrier on the risk was Birmingham Fire Insurance Company.
4. Plaintiff's average weekly wage was $156.75.
5. The date of the alleged injury by accident was February 28, 1987.
6. Exhibits Nos. 1-10 from the original hearing were stipulated into evidence.
****************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff applied for a position with defendant on October 16, 1986 and was hired thereafter as a nurse's aide.
2. Prior to her employment with defendant and sometime in 1985, plaintiff injured her back and underwent surgery. In December, 1985, she was involved in a motor vehicle accident which led to a second lumbar laminectomy. In October 1986, she was involved in a second motor vehicle accident.
3. On February 26, 1987, Dr. Kenneth J. Rich, a neurosurgeon, saw plaintiff on referral from Dr. Samuel W. Atkins. At that time plaintiff was experiencing back and left sided leg pains. Dr. Rich planned to arrange for a myelogram for plaintiff.
4. While responding to a patient's call on February 28, 1987, plaintiff walked on a floor where a liquid had collected and slipped to the floor. Her feet came out from under her, she tried to catch herself with her hand, and she landed hard on her buttocks.
5. Immediately after the fall, plaintiff felt pain in her left side and thigh, and had difficulty walking.
6. On February 28, 1987, plaintiff was treated at the Emergency Room of Wake County Medical Center for pain in her left side and inability to lift her left leg. She was felt to have a soft tissue injury, was instructed to apply ice for 48 hours, then heat, and was released from work for 24 hours.
7. On March 2, 1987, plaintiff entered Raleigh Community Hospital for the lumbar myelogram which Dr. Rich had arranged previously. She was found to have mild to moderate central disc bulge on the lumbosacral level without a significant lateral component. There was no fracture or dislocation of the left hip. Plaintiff was released to return to work March 9, 1987, and was instructed to avoid reaching, bending at the waist, and unnecessary lifting. She was unable to perform her work with these restrictions and was put on disability after trying to work for a week.
8. Plaintiff continued to have back and leg problems, including further surgery and has not worked, except for her brief attempt in March 1987, since her fall February 28, 1987.
9. Although plaintiff had pre-existing back problems including surgery, her fall on February 28, 1987 materially aggravated her pre-existing back problems to the extent that it resulted in her being unable to work.
10. Plaintiff has been unable to earn wages in employment continuously since February 28, 1987, although she unsuccessfully attempted to return to work briefly in March 1987.
****************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 28, 1987, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2(6). Furthermore, she has sustained her burden of proving that her incapacity to earn wages was caused by the February 28, 1987 injury. Hillard v. ApexCabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982).
2. As a result of her compensable injury on February 28, 1987, plaintiff is entitled to temporary total disability compensation from February 28, 1987 and continuing until such time as she returns to work, or until further Orders of the Commission. N.C.G.S. § 97-29. This compensation is subject to a deduction for any wages plaintiff earned in March, 1987.
3. Plaintiff is entitled to have defendants pay the expenses of medical treatment related to the aggravation of her back pain by her fall, including expenses incurred at the emergency room of Wake Medical Center on February 28, 1987, the surgery performed by Dr. Kenneth Rich, the treatment rendered by Dr. Pamela Whitney and Dr. George Case, and for such additional treatment as may be reasonably necessary to effect a cure or give relief. N.C.G.S. § 97-25.
****************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. For her temporary total disability, plaintiff is entitled to temporary total disability compensation in the amount of $156.75 per week from February 28, 1987 and continuing until such time as she returns to work, or until further Orders of the Commission. However, this is subject to a deduction for wages plaintiff earned in March 1987. Said amount shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 3.
2. Defendants shall pay all medical expenses resulting from plaintiff's compensable injury on February 28, 1987.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under Paragraph 1 of this AWARD shall be deducted from that sum and paid to plaintiff's counsel. Thereafter, every fourth check for compensation shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs of this appeal.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ DIANNE S. SELLERS COMMISSIONER